UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN D. MYERS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00392-JMS-DLP |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC, | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) |
| TRANS UNION, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On January 13, 2020, Plaintiff John Myers initiated this Fair Credit Reporting Act ("FCRA") lawsuit in Rush County Superior Court against credit reporting agency ("CRA") Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union"). (Dkt. 1-2 at 4). Plaintiff alleges that the Defendants are falsely reporting a reaffirmed loan account as discharged in bankruptcy. (Dkt. 1-2 at 4). This inaccurate reporting, the Plaintiff contends, is a violation of § 1681e(b) of the FCRA and warrants actual, statutory, and punitive damages for Plaintiff's injuries. (Dkt. 1-2 at 6).

On February 4, 2020, Trans Union removed the case to this Court. (Dkt. 1). On March 13, 2020, this Court entered a case management plan setting the deadline to amend pleadings on May 29, 2020. (Dkt. 26 at 4). On May 12, 2020,

1

Plaintiff filed the present Motion for Leave to File Amended Complaint. (Dkt. 35). Plaintiff's proposed amended complaint includes a more detailed factual background regarding the reaffirmation of Plaintiff's loan account and notification to the Defendants, and adds class action lawsuit allegations. (*See* Dkt. 35-1 at 3-4, 9-12).

On June 9, 2020, Defendant Trans Union filed a response in opposition, arguing that the Court should deny the Plaintiff's proposed amendment because it is futile and does not cure the deficiencies in the original Complaint. (Dkt. 40 at 4). Defendants Equifax and Experian did not file responses. On June 23, 2020, Plaintiff filed a reply in support of the Motion to Amend. (Dkt. 47). The Motion is now fully briefed and ripe for decision.

I. **Legal Standard**

After the opportunity to amend the pleadings as a matter of course has passed, a party may amend a complaint only with the consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a). Generally, motions to amend pleadings are treated favorably under Rule 15's liberal amendment policy. *See id.* Leave to amend should be "freely given," absent considerations such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendant Trans Union opposes Plaintiff's Motion to Amend on the ground that the proposed amendment to the complaint is futile. An amendment is futile if the amended pleading would not survive a motion to dismiss. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). To survive a motion to dismiss, the amended complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* at 685 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Before denying a motion to amend, however, it should be "clear" that the proposed amended complaint "is deficient" and would not survive such a motion. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015) ("Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend.") (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).

## II. DISCUSSION

In the proposed amended complaint, Plaintiff asserts that in March 2019, he received a bankruptcy discharge in the Southern District of Indiana. (Dkt. 35-1 at 3-4). The bankruptcy discharge, however, did not include an Ally Financial automobile loan account because the account was reaffirmed in bankruptcy. (Dkt. 35-1 at 3). Plaintiff asserts that Ally Financial "reported to the [CRA] Defendants that the account was current and paid as agreed and was never late," and that "Defendants were on notice that Plaintiff had reaffirmed the Ally Financial

automobile loan." (Dkt. 35-1 at 4). Moreover, the proposed amended complaint adds class action lawsuit allegations against all three Defendants. (*See* Dkt. 35-1 at 9-12). Defendant Trans Union contends that the Plaintiff's proposed amendment is futile and does not cure the deficiencies alleged in the original Complaint. (Dkt. 40 at 4). Specifically, Trans Union asserts that the Plaintiff's complaint would not survive a motion to dismiss because he has failed to allege the notice requirement of § 1681e(b) of the FCRA. (Dkt. 40 at 5). Trans Union further argues that because the Plaintiff's claims are futile, the class action allegations also fail on futility grounds. (Dkt. 40 at 3).

### A. Futility of the Proposed Amended Complaint

In the proposed amended complaint, Plaintiff asserts that Defendants are liable for willfully and negligently violating 15 U.S.C. § 1681e(b) of the FCRA, (Dkt. 35-1 at 9), which requires:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b). To state a claim under § 1681e(b) of the FCRA, "a consumer must sufficiently allege that a CRA prepared a report containing inaccurate information." *Washington v. Equifax Credit Bureau*, No. 1:16-cv-01016-SEB-MJD, 2018 WL 780506, at *3 (S.D. Ind. Feb. 8, 2018) *(*citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (quoting *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)). The FCRA, however, does not demand strict liability. If a CRA follows reasonable procedures to assure maximum possible

accuracy, it is not liable for reporting inaccurate information. *Washington,* 2018 WL 780506, at *3 (quoting 15 U.S.C. § 1681e(b)). Thus, the Seventh Circuit has found that a CRA is not liable under the FCRA for reporting inaccurate information obtained from a court's judgment docket, *Henson,* 29 F.3d at 280, or records from financial institutions, *Sarver v. Experian Info. Sols.,* 390 F.3d 969, 972 (7th Cir. 2004), without the consumer providing prior notice that the information may be inaccurate.

In the proposed amended complaint, Plaintiff alleges that Defendants failed to ensure that reasonable procedures were in place to prevent inaccurately reporting that Plaintiff's Ally Financial loan account was reaffirmed and not discharged in bankruptcy. (Dkt. 35-1 at 3, 9). In terms of notice to Trans Union, the proposed amended complaint asserts the following:

> 28. In August 2019, Plaintiff paid off the Ally Financial automobile loan.
>
> 29. At that same time, Ally Financial reported to the credit reporting agency Defendants that the account was current and paid as agreed and was never late.
>
> 30. In light of Ally Financial's reporting, the type of loan at issue, and Plaintiff's continued payment on the loan after [his] bankruptcy discharge, Defendants were on notice that Plaintiff had reaffirmed the Ally Financial Automobile loan.
>
> 31. In addition, each of the Defendants access bankruptcy filings on a daily basis. As such, they either knew or should have known that the Ally account was not discharged in bankruptcy.

(Dkt. 35-1 at 4).

Trans Union's main contention is that because a CRA cannot be held liable without being placed on notice of an inaccuracy, (Dkt. 40 at 4), Plaintiff's proposed amendment is futile. According to Trans Union, the Plaintiff's proposed amended complaint fails to demonstrate that Trans Union was placed on notice as required by § 1681e(b). (Dkt. 40 at 4). If the Court accepts the Plaintiff's argument regarding notice, Trans Union argues this would impose an unreasonable requirement on CRAs to review every bankruptcy account, determine the loan type, assess whether the debtor continued paying the loan, and draw legal conclusions based on that information. (Dkt. 40 at 6).

Trans Union has invited the Court to move beyond the Plaintiff's notice allegations in the proposed amended complaint to make a determination as to the merits of the Plaintiff's claims. That is, Trans Union requests that this Court interpret the meaning of "notice" within the confines of § 1681e(b), considering the factual allegations in the proposed amended complaint. However, "[f]utility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits." *Gorss Motels, Inc. v. Brigadoon Fitness Inc.*, No. 1:16-cv-330-HAB, 2020 WL 2570046, at *3 (N.D. Ind. May 21, 2020).

Motions to amend are assessed under liberal standards. *Robinson v. Lipps*, No. 1:12-cv-01170-JMS, 2013 WL 618802, at *1 (S.D. Ind. Feb. 19, 2013). When accepted as true, the Plaintiff's proposed amended complaint provides the Court with sufficient facts to plausibly allege a failure to follow reasonable procedures to ensure maximum possible accuracy under § 1681e, notice to the CRAs of an inaccuracy, and claims that he suffered damages as a result of the inaccuracy.

Although Trans Union might be correct regarding its assertion that Plaintiff failed to properly notify Trans Union, without the benefit of engaging in discovery, the Court is unable to conclude that the Plaintiff will be unable to sufficiently develop his claims. Discovery is not scheduled to close until December 4, 2020. (Dkt. 26 at 7).

Taking the above allegations as true, the Court is not certain that Plaintiff's Amended Complaint, on its face, is futile. Accordingly, the Court, applying the liberal standard for amending pleadings early in a lawsuit, finds that Plaintiff's proposed amended complaint is sufficient to survive Defendant Trans Union's futility argument.

### B. Class Action Allegations

As to the addition of class action allegations, Plaintiff requests to bring this action on behalf of himself, a class, and a sub-class. (Dkt. 35-1 at 10). Trans Union does not challenge the class allegations except to contend that the class claims fail for the same reason as mentioned above – the claims are futile. (Dkt. 40 at 3). This, however, is the extent of Trans Union's argument. Without support for this argument, the Court finds that Trans Union's conclusory statement is perfunctory and undeveloped. *See United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017); *Hall v. Berryhill*, 906 F.3d 640, 644 (7th Cir. 2018) (stating that "an argument that is 'perfunctory and undeveloped' may be treated as waived."). The Court finds this argument waived.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Plaintiff's Motion for Leave to File Amended Complaint, Dkt. [35]. Plaintiff is directed to file the Amended Complaint within three (3) days from the date of this Order.

So ORDERED.

Date: 7/28/2020

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.