UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN D. MYERS, JR., *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff*,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, *et al.*,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)   No. 1:20-cv-00392-JMS-DLP<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Plaintiff John D. Myers, Jr. initiated this lawsuit against Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). [Filing No. 1; Filing No. 51.] Mr. Myers alleges that Defendants falsely reported his auto loan as discharged in bankruptcy when instead his auto loan payments were made on time, never late, and the debt was reaffirmed in the bankruptcy. [Filing No. 51 at 1.] During discovery, Mr. Myers and Defendants requested that the Court enter a stipulation ordering each Defendant to produce the names, addresses, years of birth, and last four digits of the Social Security Numbers ("SSNs") of 100 randomly-selected consumers meeting certain parameters. [Filing No. 120 at 1; Filing No. 120-1.] Magistrate Judge Doris Pryor granted the request in part and denied it in part, declining to order Defendants to produce any portion of consumers' SSNs. [Filing No. 122 at 2.] Mr. Myers filed a Motion to Reconsider the portion of Magistrate Judge Pryor's decision denying the parties' request, [Filing No. 125], which Defendants oppose, [Filing No. 126]. Magistrate

Judge Pryor denied Mr. Myers' Motion to Reconsider, [Filing No. 128], and Mr. Myers has filed an Objection to that decision, which is now ripe for the Court's review, [Filing No. 129].

## I.
### LEGAL STANDARD

Review of a magistrate judge's decision on a non-dispositive motion is deferential, and the Court may sustain an objection to such an order only where it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Ind., LLC v. Origin Healthcare Solutions, LLC,* 2014 WL 6674757, *2 (S.D. Ind. 2014) (citations and quotation marks omitted).

## II.
### BACKGROUND

In his Amended Complaint, Mr. Myers alleges that he previously took out an automobile loan with Ally Financial secured by his 2013 Chevrolet Silverado. [Filing No. 51 at 3.] He alleges that he made every payment on the loan properly, and on time. [Filing No. 51 at 3.] Mr. Myers alleges that the account was reaffirmed in a bankruptcy proceeding filed in the Southern District of Indiana but that, despite the loan always being paid on time and reaffirmed, Defendants are reporting the loan as discharged in bankruptcy on Plaintiff's credit report. [Filing No. 51 at 3.] Mr. Myers alleges that during the pendency of his bankruptcy, Ally Financial continued to report that he was making payments on the loan. [Filing No. 51 at 4.] He alleges that he paid off the loan in August 2019, and Ally Financial reported to the Defendants that the account was current and paid as agreed, and was never late. [Filing No. 51 at 4.] Nevertheless, Mr. Myers alleges,

Defendants are reporting that the loan was included in Mr. Myers' bankruptcy and discharged. [Filing No. 51 at 4.] Mr. Myers brings his claims on behalf of a putative class of:

> All consumers in the United States whose consumer reports inaccurately reported reaffirmed accounts as included or discharged in the consumer's bankruptcy.
>
> All consumers in the United States whose consumer reports inaccurately reported reaffirmed accounts as included or discharged in the consumer's bankruptcy when the information furnisher was reporting payments being made during and/or after the bankruptcy.

[Filing No. 51 at 10.]

In connection with a May 21, 2021 discovery conference related to class certification, Magistrate Judge Pryor ordered the parties to file for the Court's consideration "a stipulated order sufficient under the [FCRA] to permit disclosure" of the requested consumer information, but that would protect the privacy interests of the consumers, by May 28, 2021. [Filing No. 118 at 2]. The parties then filed an Agreed Motion for Entry and Approval of Parties' [Proposed] Stipulated Order Regarding the Production of Lists of 100 Consumers Meeting Certain Parameters ("Agreed Motion"), in which they requested that the Court enter an Order requiring Defendants to produce "a list containing the names, addresses, years of birth, and last four SSN digits of 100 randomly-selected consumers meeting the requested parameters identified [at a discovery conference]." [Filing No. 120 at 1; Filing No. 120-1 at 2.] On June 3, 2021, Magistrate Judge Pryor granted the Agreed Motion in part and denied it in part, finding that "[i]n an effort to protect the privacy interest of the consumers to be identified in the lists, the Court will not require the Defendants to provide any portion of the consumers' SSN." [Filing No. 122 at 2.] Magistrate Judge Pryor ordered Defendants to produce "a list containing the names, addresses, and years of birth of 100 randomly-selected consumers meeting the requested parameters." [Filing No. 122 at 2.]

3

On June 8, 2021, Mr. Myers filed a Motion to Reconsider Magistrate Judge Pryor's June 3, 2021 Order, seeking reconsideration of the portion of the Order denying the request for Defendants to produce the last four digits of the consumers' SSNs. After briefing by the parties, Magistrate Judge Pryor denied Mr. Myers' Motion to Reconsider, finding that "[c]ourts within this Circuit have recognized the confidentiality and privacy interest in SSNs," and that "the mere fact that a [SSN] is contained in a publicly filed [] record does not destroy an individual's privacy interest in his or her [SSN]." [Filing No. 128 at 4-5 (quotation and citation omitted).] Magistrate Judge Pryor also rejected Mr. Myers' argument that the SSN information would "aid his efficiency and accuracy in locating [the consumers'] bankruptcy filings." [Filing No. 128 at 5.] Mr. Myers has now filed an Objection to Magistrate Judge's Order Denying Plaintiff's Motion to Reconsider Production of Last Four Digits of Class Member Social-Security Numbers. [Filing No. 129.]

### III.
#### DISCUSSION

In support of his Objection, Mr. Myers sets forth three main arguments: (1) that Defendants previously stipulated to the production of the requested information; (2) that the last four digits of a person's SSN are either required or allowed to be disclosed under federal law; and (3) that the last four digits of the SSNs are necessary to accurately match the consumers to bankruptcy dockets. [Filing No. 129 at 3-6.] The Court addresses each argument in turn.

#### A. Previous Stipulation

In support of his Objection, Mr. Myers argues that Defendants each previously agreed to produce the last four digits of the SSNs of 100 randomly-selected consumers meeting certain criteria, and that Magistrate Judge Pryor "should have held Defendants to their agreement and required production of this information." [Filing No. 129 at 3.]

In response, Defendants argue that the stipulated order was submitted to the Court for its consideration, and that "any production was expressly conditioned upon entry of an order by the Court." [Filing No. 130 at 6.]

In reply, Mr. Myers asserts that even after Magistrate Judge Pryor declined to order Defendants to provide the SSN information, Defendants' counsel informed Mr. Myers' counsel that Defendants still had no objection and that "[y]our fight this time is with the Court." [Filing No. 131 at 2.]

Although Defendants initially stipulated to the production of the last four digits of the SSNs, the parties submitted a proposed Order to the Magistrate Judge for her approval. Mr. Myers' Objection is properly focused on the Magistrate Judge's decision to decline to order the production of the last four digits of the SSNs – not on Defendants' actions. The Court does not find the fact that Defendants previously agreed to produce the SSN information relevant to the issue of whether Magistrate Judge Pryor erred in failing to order the production of that information.

### B. Federal Law Regarding SSN Disclosure

Mr. Myers argues that Magistrate Judge Pryor erred in applying the federal rules regarding the disclosure of SSNs. [Filing No. 129 at 3-4.] First, Mr. Myers asserts that the last four digits of a person's SSN are required and allowed to be disclosed under Rule 1005 of the Federal Rules of Bankruptcy Procedure, which states that the title of a bankruptcy case "shall include [the debtor's] last four digits of the social-security number or individual's taxpayer-identification number." [Filing No. 129 at 3.] Mr. Myers further asserts that Federal Rule of Civil Procedure 5.2 is consistent with Federal Rule of Bankruptcy Procedure 1005 by "requir[ing the] redaction of all but the last four digits of social-security numbers in district court filings." [Filing No. 129 at 4.] Additionally, Mr. Myers asserts that "federal courts often order the production of the

5

*unredacted* social-security numbers of putative class members," and that Mr. Myers only requests redacted SSNs in this case. [Filing No. 129 at 5 (emphasis in original).]

In response, Defendants assert that consumers filing for bankruptcy can elect not to provide the last four digits of their SSNs by instead providing taxpayer identification numbers. [Filing No. 130 at 5.] Defendants also assert that the Court has wide discretion in crafting discovery orders. [Filing No. 130 at 4.]

In his reply, Mr. Myers argues that the SSN information would also be subject to the parties' stipulated protective order, and does not pose a risk to the consumers' privacy because the information could not be made a part of the public record without Defendants' consent. [Filing No. 131 at 2-3.]

The Court does not find Mr. Myers's argument persuasive. At best, Mr. Myers has established that consumers may include the last four digits of their SSNs in the case caption when they file for bankruptcy, but they are not required to do so. The fact that the last four digits of SSNs may be listed on bankruptcy filings does not negate any privacy interest in the SSN information. Further, Mr. Myers has not pointed to any law requiring the disclosure of the information simply because it may appear in a bankruptcy filing. And the Court does not find it clearly erroneous to conclude that a consumer has a privacy interest in the last four digits of his or her SSN. That information is frequently used to confirm identity in various settings and that, combined with other personal information, could be valuable to identity thieves. *See White v. Integrated Elec. Tech., Inc.*, 2013 WL 2903070, at *10 (E.D. La. June 13, 2013) ("[T]he court recognizes the significant privacy and security concerns inherent in disclosing the last four digits of class members' Social Security numbers.").

### C. Information Needed to Identify Individuals

Finally, Mr. Myers argues that the last four digits of consumers' SSNs will aid him in identifying potential class members. [Filing No. 129 at 5.] He asserts that "[t]o search bankruptcy court records using PACER, a user must enter either a party name, full social-security number or the last four digits only with a party name or a case number…. It may be possible using a third-party database to search using the last four digits of a social-security number alone. Here, given the likelihood there will be common names among the 300-person sample, and the fact that Defendants have refused to provide docket numbers or bankruptcy court information, having the last four digits of class members' social-security number[s] is critical." [Filing No. 129 at 5-6.]

In response, Defendants argue that Mr. Myers can identify class members by limiting his search on PACER to bankruptcy cases, then to Chapter 7 cases, then by entering the name of the consumer and the region or court where the bankruptcy was filed (based on address information provided by Defendants). [Filing No. 130 at 7.] Defendants contend that Mr. Myers can then "easily match the search results to the consumers in Defendants' lists using the year of the consumer's birth and the address information the Defendants produced. As further means of confirmation, [Mr. Myers] could review the consumer's Bankruptcy Petition to confirm that it includes an Ally Financial account." [Filing No. 130 at 7.]

Mr. Myers does not address Defendants' arguments in his reply. [*See* Filing No. 131.]

Mr. Myers initially argues that the last four digits of the SSNs are necessary to identify potential class members, but does not respond to Defendants' arguments that there are other ways to search PACER which would allow Mr. Myers to accomplish that task. While using the last four digits of the SSNs may be easier for Mr. Myers, he has not demonstrated why he cannot identify class members based on the other information Defendants are providing. In sum, he has not shown

7

that the SSN information is necessary such that Magistrate Judge Pryor's decision was clearly erroneous or contrary to law.

In short, the Court is not "left with the definite and firm conviction" that Magistrate Judge Pryor made a mistake in refusing to order Defendants to produce the SSN information and in denying Mr. Myers' Motion to Reconsider.  *See Weeks*, 126 F.3d at 943.  Accordingly, the Court **OVERRULES** Mr. Myers' Objection.  [Filing No. 129.]

## IV.
### CONCLUSION

Based on the foregoing, the Court **OVERRULES** Mr. Myers' Objection, [129], and **AFFIRMS** Magistrate Judge Pryor's June 3, 2021 Order granting in part and denying in part the parties' Agreed Motion for Entry and Approval of Parties' [Proposed] Stipulated Order Regarding the Production of Lists of 100 Consumers Meeting Certain Parameters, [122], and her June 18, 2021 Order denying Mr. Myers' Motion to Reconsider, [128].

Date: 10/27/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**