UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN D. MYERS, JR., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | No. 1:20-cv-00392-JMS-DLP |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., and | ) | |
| TRANS UNION, LLC, | ) | |
| | ) | |
| *Defendants*. | ) | |

## **ORDER**

Plaintiff John D. Myers, Jr. initiated this litigation in February 2020, asserting various individual and class claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") against Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") (collectively, "the CRAs"). On September 16, 2022, the Court granted the CRAs' Motion for Summary Judgment as to certain claims, denied it as moot as to other claims, denied Mr. Myers' Motion for Class Certification, dismissed the class claims without prejudice, and entered Final Judgment in favor of the CRAs. [Filing No. 229; Filing No. 230.] Shortly thereafter, each of the CRAs timely filed Bills of Costs. [Filing No. 231; Filing No. 232; Filing No. 233.] The Court granted the Bills of Costs, [Filing No. 240; Filing No. 241; Filing No. 242], and Mr. Myers has now filed a Motion to Review Clerk's Taxation of Costs, [Filing No. 243], which is ripe for the Court's review.

# I.
## STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d)(1) provides:

Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party…. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

"The process for awarding court costs is intended to be summary." *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008). The losing party "bears the burden of an affirmative showing that the taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

# II.
## DISCUSSION

In his motion, Mr. Myers objects to three categories of charges incurred by the CRAs: (1) charges for original deposition transcripts at unreasonable rates; (2) charges for deposition exhibits which the CRAs already possessed; and (3) charges for the remote nature of the depositions. He asserts that the allowable costs should be reduced: (1) from $8,293.10 to $3,165.85 for Trans Union; (2) from $7,779.40 to $2,106.75 for Experian; and (3) from $9,661.70 to $5,657.65 for Equifax. The CRAs did not respond to Mr. Myers' motion, so they have waived any opposition to Mr. Myers' arguments. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument…results in waiver."). Nevertheless, the Court prefers to decide issues on the merits and considers Mr. Myers' arguments below.

At the outset, however, the Court rejects Mr. Myers' argument that the CRAs are not entitled to any costs because they did not specifically seek them in their Motion for Summary Judgment and because the Court did not specifically award them in its Order on the Motion for Summary Judgment. As Rule 54(d)(1) provides, the prevailing party is entitled to costs, other than

attorneys' fees, unless a federal statute, the Federal Rules of Civil Procedure, or a Court order provides otherwise. Fed. R. Civ. P. 54(d)(1). None of those scenarios is present here, and Rule 54 does not require that a party specifically seek costs by motion, or that the Court award costs in an order. The Court now considers Mr. Myers' arguments regarding specific costs.

### A. Deposition Transcript Charges

In support of his Motion to Review Clerk's Taxation of Costs, Mr. Myers asserts that the costs taxed by the Clerk "far exceed" the amount allowed for deposition transcripts, noting that "[e]ach Defendant sought costs for the same deposition transcripts even though they provided a joint defense including sharing an expert, [and] filing joint motions to dismiss and a joint motion for summary judgment." [Filing No. 243 at 2.] Mr. Myers contends that, for example, he ordered and paid for an original deposition transcript, yet Equifax and Trans Union were both charged "the same $3.15 per page for an original transcript…and both of them should have only been charged for a copy." [Filing No. 243 at 2-3.] He argues that aside from the two depositions ordered by Equifax (for Mr. Myers and his expert witness), the CRAs are only entitled to the cost of deposition copies. [Filing No. 243 at 3.] Mr. Myers states that he informed the CRAs when they filed their Bills of Costs that it appeared they had been charged for originals instead of copies, but the CRAs "ignored [him] and maintained their bills of costs despite knowing that they were improperly charged for originals as well as knowing [he] could not communicate with the court reporters on their behalf to correct these charges." [Filing No. 243 at 4; *see also* Filing No. 243-1 (October 10, 2022 email from Mr. Myers' counsel to the CRAs' counsel regarding the Bills of Costs).] Mr. Myers also argues that the charges for the deposition transcripts "are unreasonable as numerous items far exceed the rates approved by the Judicial Conference of the United States in effect at the time, which courts look to when awarding such costs." [Filing No. 243 at 4-5.] He asserts that the

maximum rates currently allowed for federal court cases are $3.65 per page for original transcripts, $0.90 per page for the first copy, and $0.60 per page for the second copy.  [Filing No. 243 at 3.]

Mr. Myers states that he paid for original transcripts for all of the deponents, except for the depositions of Mr. Myers and his expert, Douglas Hollon, for which Equifax ordered original transcripts.  [Filing No. 243 at 3.]  The CRAs have not contested this information.  The Court finds that CRAs who ordered copies of transcripts are only entitled to reimbursement at the rate billed for transcript copies, and not the rate for original transcripts. *See Baxter Intern., Inc. v. McGaw, Inc.*, 1998 WL 102668, at *6 (March 3, 1998) (party who orders deposition is entitled to cost at original transcript rate and parties who order copies are entitled to costs at copy rate).

The Court also finds it reasonable to follow the Judicial Conference guidelines regarding the rate for deposition transcripts, and the CRAs have not argued otherwise. *See Springer v. Ethicon, Inc.*, 2018 WL 1453553, at *14 (N.D. Ill. March 23, 2018) (limiting cost of deposition transcripts to rates set forth by the United States Judicial Conference).  The rates set forth in the Judicial Conference guidelines are $3.65 per page for the original deposition transcripts, $0.90 per page for the first copy to each party, and $0.60 per page for each additional copy to the same party. https://www.uscourts.gov/services-forms/federal-court-reporting-program#rates  (last visited January 23, 2023).

The Court **GRANTS IN PART** Mr. Myers' Motion to Review Clerk's Taxation of Costs, [Filing No. 243], to the extent it finds that: (1) Equifax is entitled to up to, but not more than, $3.65 per page for the original deposition transcripts of Mr. Myers and his expert; (2) Trans Union and Experian are entitled to up to, but not more than, $0.90 for copies of the deposition transcripts of

Mr. Myers and his expert; and (3) the CRAs are entitled to up to, but not more than, $0.90 per page for copies of the remaining deposition transcripts.[1]

**B.      Charges for Deposition Exhibits the CRAs Already Possessed**

Mr. Myers contends that the costs the CRAs seek for copies of deposition exhibits that were documents produced in discovery also are not properly taxable to him, noting that "Trans Union seeks copying costs for 80 pages of exhibits attached to the transcript of its corporate representative at the astronomical rate of $1.50 per page, even though it already possessed such documents (it produced them) and was also provided copies of each exhibit in electronic format during the deposition," and that for another deposition of one of its witnesses, "Trans Union seeks exhibit copying costs of $730.50 to obtain copies of exhibits it already had." [Filing No. 243 at 6.]

Again, the CRAs have not opposed Mr. Myers' motion so they have waived any contrary argument. *Bonte*, 624 F.3d at 466. In any event, the Court **GRANTS IN PART** Mr. Myers' Motion to Review Clerk's Taxation of Costs, [Filing No. 243], to the extent it finds that the CRAs are not entitled to recover the cost of copies of deposition exhibits that they already possessed. *See Cengr v. Fusiband Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998) (holding deposition exhibit costs were not recoverable because prevailing party "was already in possession of the deposition exhibits – plaintiff provided extra copies of the exhibits to defendant at the deposition and produced the same exhibits during discovery").

---

[1] The reimbursement rate under the Judicial Conference guidelines for additional copies is $0.60 per page, but it does not appear that any of the CRAs sought reimbursement for more than one copy of a deposition transcript. To the extent that they did, those additional copies would be reimbursable at a rate of $0.60 per page.

### C.    Charges Related to the Remote Nature of the Depositions

Mr. Myers argues in a footnote that $2,738 in charges for the depositions to take place remotely, including charges for video-conferencing and electronic exhibit sharing services, "should not be taxed as they are akin to travel costs that are not recoverable as costs." [Filing No. 243 at 6.]  Mr. Myers does not provide further information, such as which parties requested that the depositions take place remotely and why.  The Court finds that Mr. Myers has waived his argument for failing to adequately develop it. *See Long-Gang Lin v. Holder*, 630 F.3d 536, 543 (7th Cir. 2010) ("The failure to adequately develop and support [an argument] results in waiver.").[2] The Court **DENIES IN PART** Mr. Myers' Motion to Review Clerk's Taxation of Costs to the extent that it declines to review its award of costs associated with the remote nature of the depositions.

In sum, the Court finds that: (1) Equifax is entitled to up to, but not more than, $3.65 per page for the original deposition transcripts of Mr. Myers and his expert; Trans Union and Experian are entitled to up to, but not more than, $0.90 for copies of the deposition transcripts of Mr. Myers and his expert; and the CRAs are entitled to up to, but not more than, $0.90 per page for copies of the remaining deposition transcripts; (2) the CRAs are not entitled to reimbursement for deposition exhibits that they already possessed; and (3) the CRAs are entitled to reimbursement for charges incurred due to the remote nature of depositions.  The information Mr. Myers provides regarding the amounts by which awards to each of the CRAs should be reduced, however, is confusing.  For example, he asserts that Trans Union seeks "copying costs for 80 pages of exhibits attached to the

---

[2] For future reference, the Court also directs counsel to page 4 of the Court's revised Practices and Procedures, available on the Court's website, which provides as follows: "The Court does not deem information contained in footnotes as argument.  Accordingly, counsel should include all argument in the body of the brief."

transcript of its corporate representative at the astronomical rate of $1.50 per page, even though it already possessed such documents…" and "[f]or another deposition of one of its witnesses, [it] seeks exhibit copying costs of $730.50 to obtain copies of exhibits it already had." [Filing No. 243 at 6.] But Mr. Myers does not specify whether there were other instances where Trans Union sought reimbursement for exhibits that it already had and does not provide similar information for Experian or Equifax. And while Mr. Myers provides the total amount of costs he believes each CRA is entitled to, [*see* Filing No. 243 at 6 (stating that Trans Union is entitled to $3,165.85, Experian is entitled to $2,106.75, and Equifax is entitled to $5,657.65)], it is not at all clear how he arrived at those amounts. Accordingly, the Court **ORDERS** the parties to meet and confer and attempt to reach agreements regarding the CRAs' reimbursable costs in light of the Court's rulings herein, and **ORDERS** the CRAs to file updated Bills of Costs, consistent with the Court's rulings, by **February 24, 2023**.

### III.
### CONCLUSION

For the foregoing reasons, the Court:

- **GRANTS IN PART** Mr. Myers' Motion to Review Clerk's Taxation of Costs to the extent it finds that: (1) Equifax is entitled to up to, but not more than, $3.65 per page for the original deposition transcripts of Mr. Myers and his expert; (2) Trans Union and Experian are entitled to up to, but not more than, $0.90 for copies of the deposition transcripts of Mr. Myers and his expert; (3) the CRAs are entitled to up to, but not more than, $0.90 per page for copies of the remaining deposition transcripts; and (4) the CRAs are not entitled to reimbursement for deposition exhibits which they already possessed; and

- **DENIES IN PART** Mr. Myers' Motion to Review Clerk's Taxation of Costs to the extent it finds that the CRAs are entitled to reimbursement for charges incurred due to the remote nature of the depositions.

The Court **ORDERS** the parties to meet and confer and attempt to reach agreements regarding the CRAs' reimbursable costs in light of the Court's rulings herein, and **ORDERS** the CRAs to file updated Bills of Costs, consistent with the Court's rulings, by **February 24, 2023**.

Date: 1/23/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF to all counsel of record</u>**